UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MALETICH,

      Plaintiff,

                                    Case No. 11-14615
v.                                     Hon. Gerald E. Rosen

LA-Z-BOY INCORPORATED,

      Defendant.
_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        October 8, 2013      

    PRESENT:  Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

      By an opinion and order and accompanying judgment entered on July 2, 2013, the Court granted Defendant's motion for summary judgment and dismissed this case with prejudice. Through the present motion filed on July 16, 2013, Plaintiff seeks reconsideration of the Court's July 2 ruling on two grounds. As discussed briefly below, the Court finds that Plaintiff has failed to identify any basis for revisiting the rulings in the Court's July 2 opinion.

      Under Local Rule 7.1(h)(3) of this District, this Court ordinarily "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." The Court readily concludes

that each of the issues raised by Plaintiff in the present motion was fully addressed and resolved in the Court's 40-page summary judgment ruling. First, while Plaintiff suggests that the Court improperly analyzed the fourth prong of his *prima facie* case of age discrimination, the Court expressly addressed each of the two items of evidence cited in Plaintiff's present motion as purportedly establishing this element of a *prima facie* case. Specifically, regarding Steve Rindskopf's testimony that employee corrective action plans are "typically in effect for up to 12 months," the Court explained that "this testimony by Mr. Rindskopf, standing alone and addressing only an abstract and general 'guideline' rather than specific instances of employees placed on Corrective Action Plans, does not establish that Plaintiff was treated differently from similarly situated but younger employees by virtue of the relatively short term of his Corrective Action Plan." (7/2/2013 Op. at 27.) Similarly, as to Plaintiff's objection that the Court did not properly consider his reference to a manager working for Defendant in Baltimore, Maryland as an example of a similarly situated employee who was treated differently,[1] the Court observed that Plaintiff had not "attempted to marshal any evidence indicating that he and this other individual are 'similarly situated' within the meaning of the governing Sixth Circuit precedents," (*id.* at 28), and Plaintiff has made no effort in his present motion to cure this

---

[1] In his present motion, Plaintiff continues to assert, as he did in his response to Defendant's underlying summary judgment motion, that this Baltimore manager was allowed to remain on a corrective action plan for 12 months. As noted in the Court's summary judgment ruling, however, Mr. Rindskopf testified that this individual "had been working under a Corrective Action Plan for six months with the expectation that this plan might remain in effect for up to another six months." (*Id.* at 28.) The record is silent as to what transpired after this initial six-month period.

2

evidentiary deficiency.

Next, Plaintiff argues that the Court improperly weighed the evidence and made credibility determinations in finding that Plaintiff had failed to establish that Defendant's stated, non-discriminatory reasons for his discharge were a pretext for age discrimination. Yet, each item of evidence cited by Plaintiff in support of this contention was addressed in the Court's extensive analysis of the issue of pretext, (*see id.* at 29-37), and Plaintiff's mere disagreement with the Court's rulings on this subject does not provide a basis for reconsideration of the Court's July 2 decision. More specifically, while Plaintiff continues to insist that issues of fact remain as to Defendant's claim that his discharge was motivated in part by his failure to make sufficient progress toward the goals set forth in his corrective action plan, the Court expressly addressed this subject in its summary judgment ruling, finding that the evidence produced by Plaintiff on this point failed to "show that Defendant acted without a basis in fact in concluding that Plaintiff was subject to discharge for disregarding the directions of his supervisor." (*Id.* at 33.)[2] Accordingly, Plaintiff has failed to suggest a basis for the Court to revisit its rulings on the issue of pretext.

---

[2] Once again, Plaintiff repeats in his present motion an unsupported assertion previously advanced in his response to Defendant's underlying summary judgment motion. In particular, while Plaintiff again insists that "he NEVER refused to go to any meetings with" his supervisor, Nancy Camarota, (Plaintiff's Motion for Reconsideration at 7), the Court expressly observed in its summary judgment ruling that Plaintiff had "cite[d] no evidence in the record in support of th[is] assertion," and that Ms. Camarota had "expressly testified to the contrary," (7/2/2013 Op. at 13-14 n.3.) Undeterred, Plaintiff has reiterated this claim without identifying any support for it in the record.

3

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's July 16, 2013 motion for reconsideration (docket #34) is DENIED.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  October 8, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 8, 2013, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135